UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |  |
|---|---|---|
| Arthur Williamson, | ) | Civil Action No.: |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **JURY TRIAL DEMANDED** |
| vs. | ) |  |
|  | ) |  |
| Edward D. Jones & Co., L.P., | ) |  |
| Chime Financial, Inc., | ) |  |
| Stride Bank, N.A., and | ) |  |
| M. Brent June, an individual, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## COMPLAINT

1.    Comes now the Plaintiff, Arthur Williamson, who files this Complaint for actual and statutory damages, punitive damages, treble damages, and attorneys' fees and costs for Defendants' violations of the Electronic Fund Transfer Act, 15 U.S.C. §1601, *et seq.* ("EFTA"), and Defendants' violations of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10, *et seq.* ("SCUTPA"). Plaintiff also seeks compensatory and punitive damages as set forth herein for Defendants' violations of South Carolina common law.

## JURISDICTION AND VENUE

2.    This Court has Jurisdiction under 15 U.S.C. §1693m and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that Plaintiff resides in this district, the Defendants transact business in this district and the events that form the basis of Plaintiff's claims occurred in

1

this district.

## PARTIES

3.    Plaintiff, Arthur Williamson, is a resident and citizen of the State of South Carolina, Florence county, and is over the age of twenty-one (21) years.

4.    Defendant Edward D. Jones & Co., L.P. ("Edward Jones"), is a Missouri corporation that may be served with process by way of its Registered Agent, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. At all times relevant herein, Defendant Edward Jones was doing business in the state of South Carolina and in this district.

5.    Defendant Chime Financial, Inc., ("Chime") is a Delaware corporation that may be served with process by way of its Registered Agent, VCorp Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, Delaware 19805. At all times relevant herein, Defendant Chime was doing business in the state of South Carolina and in this district.

6.    Stride Bank, N.A., ("Stride Bank") is an Oklahoma based bank that may be served with process on Brud Baker, Stride Bank's CEO and President, 324 W. Broadway Avenue, Enid, OK 73701.  At all times relevant herein, Defendant Stride Bank was doing business in the state of South Carolina and in this district.

7.    Defendant M. Brent June ("June") is an individual who may be served at his home 2552 W. Keswick Road, Florence, SC 29501.  At all times relevant herein, Defendant June was a resident of the state of South Carolina and Florence County.

8.    Defendant Edward Jones employed and licensed Defendant June as its agent and

2

held him out to be an authorized agent of said company empowered to act for and on behalf of Edward Jones.

9.     All actions taken by Defendant June were taken in his capacity as the agent of the principal, Defendant Edward Jones, based upon June's actual and apparent authority as the agent of Edward Jones.  Based upon Edward Jones' licensing and authorizing of June to act for and on its behalf, Edward Jones is liable for all actions and delicts of June.

10.    Chime is a financial technology company, not a bank.  Chime partners with, contracts, and is the principal over Stride Bank.  Strike Bank, the agent, partner, and/or subsidiary of Chime, provides banking services on behalf of and at the direction of Chime. In this case, Chime and Stride Bank worked together and in conjunction with one another to cause the harm set out below to Plaintiff.  Defendants Chime and Stride Bank are each jointly and severally liable for the conduct complained of herein.  All actions done by Stride Bank were done on behalf of and for the betterment of Chime.  All actions done by Chime were done on behalf of and for the betterment of Stride Bank.  Defendants Chime and Stride Bank each acted as principal and agent, one for the other.

## FACTUAL ALLEGATIONS

11.    Plaintiff, a South Carolina citizen who wanted nothing more than to have a safe, secure retirement account where he could save his income for retirement and also maintain a 529 investment account to facilitate his son's college tuition, hired Defendant Edward Jones, by way of its local agent, Defendant June, to maintain three accounts on his behalf.

12.    On or about October 11, 2019, Plaintiff deposited $71,892.00 into a Traditional

3

Individual Retirement Account with Edward Jones and its agent, June. As of May 28, 2022, this account had a value of $89,183.35.

13.    Plaintiff also deposited a total of $7,000.00 with Edward Jones and its agent, June, for Plaintiff's son's 529 College Savings Plan account. As of June 24, 2022, this account had a value of $6,203.12.

14.    On or about October 11, 2019, Plaintiff deposited $1,090.00 into a Roth Individual Retirement Account. As of June 24, 2022, this account had a value of $817.08.

15.    Plaintiff has never requested a withdrawal of funds from any of his Edward Jones accounts. Indeed, Defendant Edward Jones and Defendant June knew, or should have known, the purpose of Plaintiff's accounts was to save money for retirement and for his son's college education and, thereby, knew, or should have known, that Plaintiff would have no reason to withdraw funds from his accounts.

16.    At some point in 2021 or 2022, Plaintiff became the victim of identity theft. Part of this identity theft included an individual, or individuals, stealing Plaintiff's mail from his physical mailbox. These, or other, individuals also obtained access to Plaintiff's Gmail account and changed Plaintiff's email filters to send all emails from Edward Jones and/or Chime to Plaintiff's junk or spam folder.

17.    On or about June 15, 2022, the identity thief contacted June's office and requested a distribution from Plaintiff's retirement account to Stride Bank. On that date, Defendants Edward Jones and June issued a distribution to Stride Bank in the amount of $1,731.00. Defendants Edward Jones and June also withheld $192.33 for Federal taxes. Plaintiff did

4

not request or authorize this distribution.  In fact, Plaintiff had no knowledge that this distribution had been made until July 30, 2022.  Once the distribution was received by Stride Bank, it was put into a Chime account which had been fraudulently opened in Plaintiff's name without his knowledge or permission.

18.    The very next day, on or about June 16, 2022, the identity thief contacted June's office and requested a distribution from Plaintiff's retirement account to Stride Bank in the amount of $20,000.00.  Again, Defendants Edward Jones and June issued the distribution of $20,000.00 and withheld $2,222.22 for Federal Taxes.  Plaintiff did not request or authorize this distribution.  In fact, Plaintiff had no knowledge that this distribution had been made until July 30, 2022.  Once the distribution was received by Stride Bank, it was deposited by Stride Bank into a Chime account which had been fraudulently opened in Plaintiff's name without his knowledge or permission.

19.    Unbeknownst to Plaintiff, on June 24, 2022, Defendant Edward Jones and June began selling all of the remaining funds held in Plaintiff's accounts.  As a result, on June 24, 2022, $64,724.73 was deposited into Plaintiff's Retirement Money Market account.

20.    On or about June 27, 2022, Defendants Edward Jones and June issued a distribution to Stride Bank in the amount of $20,000.00.  Plaintiff did not request or authorize this distribution.  In fact, Plaintiff had no knowledge that this distribution had been made until July 30, 2022.  Once the distribution was received by Stride Bank, Stride Bank deposited the money into the fraudulent Chime account in Plaintiff's name.

21.    On or about July 5, 2022, Defendants Edward Jones and June again issued a

5

distribution to Stride Bank, N.A. in the amount of $20,000.00. Plaintiff did not request or authorize this distribution. In fact, Plaintiff had no knowledge that this distribution had been made until July 30, 2022. Once the distribution was received by Stride Bank, Stride Bank deposited the money into the fraudulent Chime account in Plaintiff's name.

22.    On or about July 8, 2022, Defendants Edward Jones and June issued three separate distributions to Stride Bank, N.A. in the amounts of $900.00, $9,000.00, and $12,500.00. At no time when Defendants were making these distributions did anyone at Edward Jones or in June's office contact the Plaintiff directly to verify that he had requested these disbursements. Plaintiff did not request or authorize these distributions and had no knowledge of these distributions until July 30, 2022. Once the distribution was received by Stride Bank, Stride Bank deposited the money into the fraudulent Chime account in Plaintiff's name.

23.    On or about July 19, 20, and 22, 2022, three additional distributions in the amount of $1.10, $7.17, and $10.39 were made to Stride Bank thereby cleaning out Plaintiff's Retirement Account and leaving a balance of $0.00. Plaintiff did not request or authorize these distributions and had no knowledge of these distributions until July 30, 2022. Once the distribution was received by Stride Bank, Stride Bank deposited the money into the fraudulent Chime account in Plaintiff's name.

24.    On or about July 13, 2022, a distribution was issued by Defendants Edward Jones and June in the amount of $682.08 from Plaintiff's Roth IRA account. This distribution was again made to Stride Bank, N.A., and emptied the entire balance of Plaintiff's Roth

IRA account.  Plaintiff did not request or authorize these distributions and had no knowledge of these distributions until July 30, 2022.  Once the distribution was received by Stride Bank, Stride Bank deposited the money into the fraudulent Chime account in Plaintiff's name.

25.    On or about July 18, 2022, a direct payment was issued by Defendants Edward Jones and June in the amount of $6,149.28 to Stride Bank.  As a result of this payment, the balance of Plaintiff's 529 College Savings Plan was brought to $0.00.  Plaintiff did not request or authorize these distributions and had no knowledge of these distributions until July 30, 2022.  Once the distribution was received by Stride Bank, Stride Bank deposited the money into the fraudulent Chime account in Plaintiff's name.

26.    Plaintiff did not learn that his identity and mail had been stolen until on or about July 30, 2022.

27.    On or about Saturday, July 30, 2022, Plaintiff signed on to his Edward Jones account and learned that the balances on his three accounts maintained by Defendant Edward Jones were zero ($0.00).

28.    Plaintiff did not request, instruct, or authorize any of these transfers.  Each and every transfer set forth above was fraudulent.

29.    On Monday, August 1, 2022, as soon as Defendant Edward Jones opened, Plaintiff contacted Defendant Edward Jones about the fraudulent transfers which took all of the money out of his accounts.  The Edward Jones representative then connected Plaintiff's call with Defendant June's Edward Jones office.  Upon speaking with him on the phone,

Defendant June's secretary broke into tears and told Plaintiff that "[he] wasn't the man they had been speaking to over the phone". Defendants Edward Jones and June had allowed an imposter to withdraw all of Plaintiff's money after receiving requests via telephone.

30.     That same day, Plaintiff went in person to Defendant June's office to speak with him. During this meeting, Defendant June admitted to Plaintiff that after hearing and seeing Plaintiff in person, it was obvious that he, Defendant June, was dealing with an imposter. June admitted that Plaintiff was definitely not the person that June or his secretary had spoken with that requested the transfers.  When Plaintiff requested that Defendant June provide him insight as to what steps Plaintiff needed to take in order to get his funds returned, Defendant June responded that, as far as he and Defendant Edward Jones were concerned, Plaintiff had an identity theft issue, not an Edward Jones issue.  Defendant June stated he would assist Plaintiff by providing whatever information he could to law enforcement, but he was unwilling to refund or return Plaintiff's wrongfully transferred funds.

31.     Plaintiff also contacted Defendant Edward Jones by way of its national telephone number to report the fraud and request the return of his money. Like Defendant June, Defendant Edward Jones ignored Plaintiff's request and refused, and continues to refuse, to return the money that Defendant Edward Jones, by way of Defendant June, wrongfully transferred to Defendants Stride Bank and Chime.

32.     On or about August 1, 2022, Plaintiff contacted Defendant Chime via telephone. During this conversation, Plaintiff alerted Defendant Chime that an imposter had

fraudulently opened an account in his name and was using said account to fraudulently transfer his funds from Defendant Edwards Jones to an unaffiliated third party. Plaintiff provided Defendant Chime with the account and routing numbers associated with the fraudulent account. During this call Defendant Chime informed Plaintiff that there were still funds available in "his" account but refused to provide Plaintiff any other details as the account was "not his." Defendant Chime also informed Plaintiff that he should have already received the debit card for the account. Plaintiff immediately informed Defendant Chime that he had not received any debit card for a Chime account.

33.    On or about August 2, 2022, Plaintiff received an email from Defendant Chime which stated that it had closed the account and that Plaintiff would not be responsible for any unauthorized activity. That same day Plaintiff filed a police report with the City of Florence Police Department.

34.    On or about August 4, 2022, Plaintiff received a second email from Defendant Chime which stated: "Hi Arthur, Chime has blocked the account in question to prevent further unauthorized activity. To close this account, please reply directly to this message with the following items attached to verify your identity: Government-issued photo ID, such as a Driver's License or State ID card (front and back); For security purposes, please provide a selfie holding your ID card."

35.    On or about August 15, 2022, Plaintiff emailed Defendant Chime with a copy of the police report he had filed with the City of Florence Police Department. Plaintiff immediately received an automated email response from Defendant Chime confirming

9

receipt.  The email also stated "This email was sent to you because you have a Chime account."

36.     On or about August 16, 2022, Plaintiff received an email from Defendant Chime which stated that "his" account was not in compliance with "his" Deposit Account Agreement and that, as a result, "your account has been closed."  The email stated that Defendant Chime would mail Plaintiff a physical check for all unpaid funds in the account after fourteen days had passed. Defendant Chime did not mention the fraud reported by Plaintiff, nor did it reference its previous guarantee that Plaintiff would not be responsible for any unauthorized activity.

37.     On or about August 30, 2022, after receiving no response to his email and no physical check from Defendant Chime, Plaintiff again reached out to Defendant Chime via email. Defendant Chime responded with an automated message stating that it was experiencing higher ticket volume at this time and that said volume was delaying Defendant Chime's response to Plaintiff.  To date, Plaintiff has not received any response from Defendant Chime to his email nor has he received the physical check for all unpaid funds in the account.

38.     Defendant Chime has refused to provide Plaintiff with any information concerning the account, the circumstances surrounding the opening of the account, when it was opened, where his money had been transferred, when his money had been transferred, how much of his money had been transferred out of the Chime/Stride Bank account, or any other pertinent information concerning the Chime/Stride Bank account as "it wasn't opened by

Plaintiff' and he didn't have the account password.

39.    This refusal to provide information relating to the account that Plaintiff purportedly opened to Plaintiff himself is nothing more than an attempt by Defendant Chime to impede Plaintiff's efforts to get his money returned.

40.    Upon information and belief, and by way of electronic transfer, Defendants Chime and Stride Bank facilitated the unauthorized transfer of Plaintiff's funds to a third party.

41.    Defendants Chime and Stride Bank have been unable, or unwilling, to provide Plaintiff with any information concerning the transfer of his funds and refused, and continue to refuse, to return Plaintiff's funds.

42.    Upon information and belief, it is the policy of Defendant Edward Jones, as carried out by Defendant June, to allow its account holders to withdraw funds telephonically and not require positive ID of the individual requesting the withdrawal.  It is the policy of Defendant Edward Jones, as carried out by Defendant June, to allow the withdrawal of funds by any individual who contacts its offices via telephone provided that individual is able to recite a small amount of personal information relating to the accountholder. This policy is the standard employed by all Edward Jones agents throughout the State of South Carolina and the United States of America.

43.    Upon information and belief, it is the policy of Defendants Stride Bank and Chime to allow accounts to be opened with no verification of identity.  It is also the policy of said Defendants to allow electronic fund transfers with minimal to no oversight and, upon becoming aware that a fraud has occurred, to then shut down access to the fraudulent

11

information so as to protect itself as opposed to protecting South Carolina consumers, and citizens of the United States at large.

## COUNT ONE
**Violation of the Electronic Fund Transfer Act – Defendants Chime and Stride Bank**

44.     Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 11 through 43 as if set forth fully herein.

45.     The account maintained by Defendants Chime and Stride Bank is an "Account" as that term is defined by the EFTA, 15 U.S.C. §1693a(2).

46.     The transferring of funds by Defendants Chime and Stride Bank to an unnamed third party constituted an "Unauthorized Electronic Fund Transfer" as that term is defined by the EFTA, 15 U.S.C. §1693a(12).

47.     Plaintiff disputed all unauthorized transfers made on the account Defendants Chime and Stride Bank had allowed to be opened with his information within 60 days of the transfers occurring.

48.     Upon receipt of Plaintiff's disputes, Defendants Chime and Stride Bank were required to perform an investigation and to include a written explanation as to the findings of said investigation.

49.     Defendants Chime and Stride Bank violated the EFTA by failing to perform any investigation into Plaintiff's disputes and, to the extent that an alleged investigation was performed, failing to perform said investigation in good faith.

50.     Defendants Chime and Stride Bank's failure to provide an explanation of their

findings to Plaintiff is a violation of the EFTA. 15 U.S.C. §1693f.

51.    Likewise, Defendants Chime and Stride Bank's failure to provide the documentation reviewed when investigating Plaintiff's disputes, after Plaintiff requested same, is a violation of the EFTA. *Id*.

52.    Defendants Chime and Stride Bank's imputation of liability to Plaintiff of any amount greater than $50.00 was a violation of the EFTA as Plaintiff alerted Defendants Chime and Stride Bank to the unauthorized transactions within sixty days of the fraudulent transfers occurring. 15 U.S.C. §1693g.

53.    Due to Defendants Chime and Stride Bank's violations of the EFTA, Plaintiff is entitled to actual damages, including but not limited to all amounts above $50.00 per fraudulent transaction that have not been refunded by Defendants Chime and Stride Bank, and damages for Plaintiff's stress, worry, anxiety, physical and mental pain and suffering, and embarrassment.  Plaintiff is also entitled to a statutory award between $100.00 and $1,000.00 from both Defendant Chime and Defendant Stride Bank, plus attorneys' fees and costs.

54.    Due to the knowing and willful nature of Defendants Chime and Stride Bank's conduct, Plaintiff is also entitled to and seeks an award of treble damages. 15 U.S.C. §1693f.

## COUNT TWO
**Violation of the Electronic Fund Transfer Act – Defendants Edward Jones and June**

55.    Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 11 through 43 as if set forth fully herein.

56.    The accounts maintained by Defendant Edward Jones are each an "Account" as that term is defined by the EFTA, 15 U.S.C. §1693a(2).

57.    The unauthorized transferring of funds by Defendant Edward Jones, by and through Defendant June, to a Stride Bank and/or Chime account constituted an "Unauthorized Electronic Fund Transfer" as that term is defined by the EFTA, 15 U.S.C. §1693a(12).

58.    Plaintiff disputed all unauthorized transfers made from his accounts by Defendant Edward Jones by notifying both Edward Jones and June directly within 60 days of the transfers occurring.

59.    Upon receipt of Plaintiff's disputes, Defendants Edward Jones and June were required to perform an investigation and to include a written explanation as to the findings of said investigation.

60.    Defendants Edward Jones and June violated the EFTA by failing to perform any investigation into Plaintiff's disputes and, to the extent that an alleged investigation was performed, failing to perform said investigation in good faith.

61.    Defendants Edward Jones and June's failure to provide an explanation of its findings to Plaintiff is a violation of the EFTA. 15 U.S.C. §1693f.

62.    Likewise, Defendants Edward Jones and June's failure to provide the documentation reviewed when investigating Plaintiff's disputes, after Plaintiff requested same, is a violation of the EFTA. *Id*.

63.    Defendants Edward Jones and June's imputation of liability to Plaintiff of any amount greater than $50.00 was a violation of the EFTA as Plaintiff alerted Defendants

14

Edward Jones and June to the unauthorized transactions within sixty days of the fraudulent transfers occurring. 15 U.S.C. §1693g.

64.     Due to Defendants Edward Jones and June's violations of the EFTA, Plaintiff is entitled to actual damages, including but not limited to all amounts above $50.00 per fraudulent transaction that have not been refunded by Defendants Edward Jones and June, and damages for Plaintiff's stress, worry, anxiety, physical and mental pain and suffering, and embarrassment.  Plaintiff is also entitled to a statutory award between $100.00 and $1,000.00, and attorneys' fees and costs.

65.     Due to the knowing and willful nature of Defendants Edward Jones and June's conduct, Plaintiff is also entitled to and seeks an award of treble damages. 15 U.S.C. §1693f.

### COUNT THREE
**Violation of the South Carolina Unfair Trade Practices Act – All Defendants**

66.     Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 11 through 65 as if set forth fully herein.

67.     The actions of Defendants, by and through their agents, servants, and employees, constitute unfair methods of competition and unfair and deceptive acts or practices in the conduct of trade or commerce as defined by South Carolina Code §39-5-10, *et. seq.* (As amended).  Plaintiff is informed and believes that Defendants knowingly, willfully, unfairly, deceptively, and/or negligently engaged in unfair and deceptive practices, as described herein.

68.     Specifically, it is Defendant Edward Jones and June's practice to allow any

individual access to a consumer's account provided said individual has access to a small amount of personal information. Once access is granted, the unknown individual is able to transfer the contents of the innocent consumer's account. Thereafter, it is the practice of Defendant Edward Jones, by and through Defendant June, to ignore the consumer's complaint concerning said practice and refuse to provide any assistance in refunding the consumer's money.

69.    Specifically, it is the practice of Defendants Chime and Stride Bank to open accounts without any verification of identity.  Thereafter, Defendants Chime and Stride Bank receive and provide electronic fund transfers with minimal or no oversight, creating a forum that allows for and fosters the illegal transfer of money.  Upon being alerted to a fraudulent transaction, Defendants Chime and Stride Bank then seek to protect themselves at the expense of the consumer by refusing to release any information related to the fraudulent account. Likewise, Defendants Chime and Stride Bank protect themselves and their fiscal wellbeing by refusing to refund or return the misappropriated funds.

70.    Plaintiff further alleges that the actions of all of Defendants have a real and substantial potential for repetition and are a threat to the public interest. Upon information and belief, the actions of Defendants were in accordance with their policies and procedures, and Defendants would handle any and all future fraud claims in a significantly similar, if not identical, manner as to how they handled Plaintiff's matter.

71.    Defendant Edward Jones, and its agents, servants, and employees have previously engaged in shockingly similar conduct which allowed an imposter and/or unauthorized

16

person to withdraw funds from one of their client's retirements accounts resulting in a loss in excess of $100,000. Defendants Edward Jones and June have not made any changes to their policies and procedures since that loss occurred over 15 years ago. Thus, the actions of Defendants Edward Jones and June has already been repeated. Furthermore, as identity theft remains one of the fastest growing crimes in America, the threat of future repetition is substantial.

72.    Defendants Chime and Stride Bank have also had numerous complaints filed against them for money wrongfully transferred out of an account, fraudulent charges against an account, and Defendants' failure to properly refund the money. The pattern of complaints was so significant, on March 29, 2022, the Better Business Bureau submitted a written request to Defendant Stride Bank asking it to address the problem. Additionally, the Better Business Bureau shows over 7,400 complaints against Defendant Chime in just the last three years.

73.    The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendants and is entitled, under § 39-5-140, to recover actual damages in an amount to be proven at trial, treble of said actual damages for Defendants' knowing and willful behavior, and an award of reasonable attorney's fees and costs.

74.    Defendants' use or employment of unfair or deceptive methods, acts, and practices caused Plaintiff to suffer loss of funds, worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. Additionally, Plaintiff was forced to incur attorneys' fees and costs due to Defendants' actions. Defendants' use

or employment of unfair or deceptive methods, acts, and practices was willful, wanton, and knowing. Therefore, Plaintiff is informed and believes that he is entitled to an award of three (3) times the actual damages sustained. Plaintiff is also entitled to attorneys' fees and costs.

## COUNT FOUR
### Breach of Contract - Defendant Edward Jones and Defendant June

75.    Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 11 through 43 and 55 through 74 as if set forth fully herein.

76.    Plaintiff deposited a total sum of $79,982.00 with the Defendant Edward Jones and was assured by Defendant Edward Jones and its agent, servant and employee, Defendant June, that said funds would be kept safely and would only be subject to withdrawal by Plaintiff's express request and that no other person or entity would have access or control over Plaintiff's accounts.

77.    Contrary to representations and the agreement between Plaintiff and Defendants Edward Jones and Defendant June, the Defendants allowed an imposter to withdraw all of Plaintiff's funds and electronically transferred same to bank accounts without Plaintiff's knowledge, all to his loss and damage in excess of $89,250.04.

## COUNT FIVE
### Breach of Contract Accompanied by Fraudulent Act - Defendants Edward Jones and June

78.    Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 11 through 43 and 55 through

77 as if set forth fully herein.

79.    Plaintiff and Defendants Edward Jones and Defendant June entered into an agreement whereby the Plaintiff would invest in excess of $79,982.00 with the Defendants who would maintain accounts for Plaintiff and would safeguard all of Plaintiff's money.

80.    Defendant Edward Jones, by and through its agent, servant and/or employee Defendant June, without obtaining authorization from the Plaintiff, disbursed monies from Plaintiff's accounts according to directions from an imposter who was not authorized to withdraw monies from Plaintiff's accounts.

81.    Defendants Edward Jones and June allowed said individual to direct the sale of all funds and the electronic withdrawal of all funds and to abscond with said funds all to Plaintiff's loss and damage in the amount of over $89,250.04.

82.    Plaintiff has done and performed all things required of him by the terms and conditions of the agreement with the Defendants as he understood them.

83.    That by reason and in consequence of, and as a direct and proximate result of, the breach of the aforesaid contract by the Defendants, and the Defendants' failure and refusal to return Plaintiff's principal and earnings to him, the Plaintiff has been deprived and is deprived of the reasonable value of monies in excess of $89,250.04 together with interest that has been earned, or would have been earned, on said account since the initial deposit.

84.    That accompanying the breach of the aforementioned contract between the Plaintiff and the Defendants, the Defendants committed fraudulent acts by allowing persons other than the Plaintiff to withdraw monies from Plaintiff's account in violation of Plaintiff's legal

rights which has resulted in the loss of Plaintiff's money.

85.    That by reason of the fraudulent acts accompanying the breach of contract on the part of the Defendants, the Plaintiff is entitled to recover punitive damages, as well as the actual damages set forth herein.

## COUNT SIX
### Negligence - Defendants Edward Jones and June

86.    Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 11 through 43 and 55-85 as if set forth fully herein.

87.    Defendants Edward Jones and June had a duty to safeguard and maintain the monies invested by Plaintiff.

88.    Defendants breached said duty by allowing unauthorized individuals to access Plaintiff's accounts and to direct Defendants to sell funds and transfer monies from Plaintiff's accounts without any authorization from the Plaintiff.

89.    As a direct and proximate result of the negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, their agents, servants and employees, the Plaintiff has been damaged all to his loss and damage in the amount of in excess of $89,250.04.

## COUNT SEVEN
### Breach of Fiduciary Duty - Defendants Edward Jones and June

90.    Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 11 through 43 and 55 through

89 as if set forth fully herein.

91.    In accordance with the advertisements and representations by Defendant Edward Jones and Defendant June, a fiduciary relationship had been created in which the Plaintiff imposed special confidence in the Defendants and in their ability to invest and to safeguard Plaintiff's money.

92.    The Defendants, acting in bad faith and without due regard to the best interest of the Plaintiff, and in breach of their fiduciary relationship allowed Plaintiff's money to be transferred from his accounts without his knowledge or approval thereby resulting in losses and damages exceeding $89,250.04 entitling the Plaintiff to damages for breach of said fiduciary relationship and duties.

## COUNT EIGHT
### Conversion - All Defendants

93.    Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 11 through 92 as if set forth fully herein.

94.    Plaintiff had a possessory interest in his retirement, Roth IRA, and 529 accounts.

95.    Defendants interfered with Plaintiff's possessory interest in his funds. Specifically, Defendants refusal to refund the wrongfully taken funds (in excess of $89,000) was a conversion of all funds above $50.00 taken by the imposter. Defendant Edward Jones and June's allowing an unauthorized imposter to direct said Defendants to sell all holdings and transfer the funds to an account with Defendants Chime and Stride Bank caused Plaintiff to lose all of his retirement and 529 savings.  Additionally, upon notice that an imposter

21

had opened the receiving account(s) with Defendants Chime and Stride Bank in Plaintiff's name without his knowledge or permission, Defendants Chime and Stride Bank refused to stop any and all pending transfers out of the "Plaintiff's" account and thus allowed the funds (in excess of $89,000) to be further converted and lost to Plaintiff forever.

96.    As it is a conversion of money, Plaintiff's conversion claim reflects specific funds - to wit, his entire retirement, Roth IRA, and 529 accounts - in specific amounts - the amounts misappropriated by way of the above-stated unauthorized transactions.

97.    Defendants' actions are the legal cause of Plaintiff's loss of property.

98.    Due to Defendants' conversion of Plaintiff's property, Plaintiff seeks damages in the amount of the value of the converted property, including interest at the statutory rate. Additionally, Plaintiff seeks a punitive award for Defendants' conversion.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendants for the following:

A.    For actual damages, statutory damages, treble damages, and attorneys' fees and costs for Defendants' violations of the EFTA pursuant to 15 U.S.C. §1693f; 15 U.S.C. §1693m.

B.    For actual damages, trebled due to Defendants' willfulness, as well as attorneys' fees and costs, pursuant to S.C. Code Ann. §39-5-140, for Defendants' violations of the South Carolina Unfair Trade Practices Act;

C.    For actual, compensatory, and punitive damages for Defendants Edward

Jones and June's Breach of Contract, Breach of Contract accompanied by Fraudulent Act,

Negligence and Breach of Fiduciary Duty;

D.    For actual and punitive damages for Defendants' conversion;

E.    For this matter to be heard by a jury; and

F.    For such other and further relief as this Court deems necessary and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID No. 10323

/s/ William K. Geddings
William K. Geddings, Fed ID No. 12584
Attorneys for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com
will@hayscauley.com

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Of Counsel

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL**

Edward D. Jones & Co., L.P.
c/o C T Corporation System – Registered Agent
2 Office Park Court, Suite 103
Columbia, SC 29223

Chime Financial, Inc.
c/o VCorp Services, LLC – Registered Agent
1013 Centre Road Suite 403-B
Wilmington, DE 19805

Stride Bank, N.A.
c/o Brud Baker, CEO and President
324 W. Broadway Avenue
Enid, OK 73701

M. Brent June
2552 W. Keswick Road
Florence, SC 29501